# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| XAVIER NAILING, | Case No. 1:18-cv-00230-DAD-BAM (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM, FAILURE TO OBEY A COURT ORDER, AND FAILURE TO PROSECUTE |
| v. | |
| F. FELICIANO, et al., | |
| Defendants. | (ECF No. 14) |
| | **FOURTEEN (14) DAY DEADLINE** |

**I.      Background**

Plaintiff Xavier Nailing ("Plaintiff") is a former state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 14, 2018, the Court issued a screening order granting Plaintiff leave to file an amended complaint within thirty (30) days. (ECF No. 14.) The Court expressly warned Plaintiff that the failure to file an amended complaint in compliance with the Court's order would result in a recommendation for dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim. (Id. at 12.) Plaintiff's amended complaint was due on or before September 17, 2018, and Plaintiff has failed to file an amended complaint or otherwise communicate with the Court.

**II.     Failure to State a Claim**

     **A.     Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

     **B.     Plaintiff's Allegations**

Plaintiff is no longer in custody. The events in the complaint are alleged to have occurred while Plaintiff was housed at Wasco State Prison. Plaintiff names the following defendants: (1) F. Feliciano, Appeal Coordinator; (2) G. Baker, Correctional Officer; (3) C. Wade, Correctional Sergeant; (4) J. Actis, Correctional Case Counselor; (5) B. Keyfauver, Correctional Case Counselor Supervisor; and (6) Weston Philips, Associate Warden. All defendants are sued in their official and individual capacities.

Claim 1

In Claim 1, Plaintiff asserts a violation of the Due Process Clause and Equal Protection Clause of the Fourteenth Amendment related to his property. Plaintiff alleges that on July 28, 2017, he was placed in the Administrative Segregation ("Ad-Seg") Unit because on a prior prison term, he was endorsed to a SNY Facility without knowing and never going. While in the Ad-Seg Unit, Defendant Baker took Plaintiff's personal property, including purported evidence of Los Angeles County Sheriff employees' violation of Plaintiff's civil rights. The evidence was comprised of documents that included names, dates, and accounts of the employees' actions and violations and Plaintiff's grievances. Plaintiff appealed the taking of his property and evidence, but the appeal was not returned to him or processed by the Appeals Coordinator.

On August 2, 2017, Plaintiff was placed in the California Department of Corrections and Rehabilitation ("CDCR") Mental Health Services Delivery System at the clinical case management level of care. On or about August 9, 2017, Plaintiff filed a CDCR 602 grievance by placing it in the housing appeal box. Defendant Feliciano did not process Plaintiff's CDCR 602 and Plaintiff has not received a response.

On August 15, 2017, Plaintiff filed a CDCR 602. On August 17, 2017, Plaintiff's group CDCR 602 was rejected. On August 24, 2017, Plaintiff rewrote and resubmitted the legal supplies group appeal. Defendant Feliciano did not process the appeals after Plaintiff submitted them in the inmate appeals box.

Plaintiff contends that Defendant Feliciano violated interdepartmental policy, Title 15 and Plaintiff's Fourteenth Amendment rights. Plaintiff further contends that Defendant Feliciano, as Appeals Coordinator, should have known that she could not treat Plaintiff differently without a reason. Plaintiff believes that Defendant Feliciano would not process his CDCR grievances based on his "suspect classification." (ECF No. 1 at p. 4.) Plaintiff asserts that Defendant Feliciano was deliberately indifferent to his constitutional rights.

As of the filing of the complaint, Plaintiff alleges that he has not received a response from Defendant Feliciano after Defendant Baker took and did not return his property and evidence. Plaintiff also alleges that he has not received any notification from Defendant Feliciano of the

second inmate group appeal.  Plaintiff resubmitted a CDCR 602 regarding his property that was taken by Defendant Baker, but he has not received a response from Defendant Feliciano.

Claim 2

In Claim 2, Plaintiff contends that his Due Process and Equal Protection rights were violated in relation to disciplinary proceedings.  Plaintiff alleges that on September 2, 2017, he filed an appeal because he received a Rules Violation Report ("RVR") for disobeying an order on September 1, 2017.  Plaintiff further alleges that Defendant Wade violated interdepartmental procedures and Title 15.  Within the body of the RVR, it states, "I instructed inmate NAILING to get out of the shower which complied." (ECF No. 1 at p. 5.)  Plaintiff asserts that in Wasco State Prison's Reception Center orientation manual it states that inmates may shower during dayroom if you are scheduled for dayroom activities.  Plaintiff asserts that Defendant Feliciano did not process his appeal.  He therefore alleges that both Defendant Wade and Defendant Feliciano were deliberately indifferent to his constitutional rights.

On September 25, 2017, Plaintiff filed a CDCR 602 grievance against Defendant Feliciano for not processing his last three appeals.  Plaintiff contends that he has not received a response from Defendant Feliciano or from his fourth CDCR 602 grievance.  Prior to filing his grievance on September 25, 2017, Plaintiff filed a CDCR 22 request for interview on September 9, 2017.

On September 21, 2017, Plaintiff sent Defendant Actis, his assigned correctional counselor, a copy of the CDCR 22 form asking Defendant Actis to interview Plaintiff.  On September 27, 2017, Plaintiff filed yet another CDCR 22 request for interview and sent it to Defendant Feliciano asking why Defendant Feliciano would not respond to his CDCR 602 grievances.  Defendant Feliciano reportedly has not responded to the CDCR 22 forms or CDCR 602 grievances.

On September 28, 2017, Plaintiff filed another CDCR 22 request for interview and sent it to Defendant Actis.  Plaintiff asserted that he had been at the reception center for 60 days and had not been interviewed.  Plaintiff also asserted that he was a Coleman class and he should have been interviewed in 60 days and transferred in 90 days.  Defendant Actis would not respond to

4

Plaintiff's CDCR 22 form, so he filed a CDCR 22 request with Defendant Keyfauver, Defendant Actis' supervisor, on October 8, 2017. Plaintiff reported that he had filed two CDCR 22 requests with no response, that he was a Coleman call member and that his assigned counselor, Defendant Actis, would not respond to his CDCR 22 forms. Plaintiff stated that he needed and requested to be endorsed to SATF for treatment and that it would be 90 days on October 28.

On October 15, 2017, Plaintiff filed a CDCR 602 grievance against Defendant Actis, placing it in the inmate appeals box. To date, Plaintiff has not received a response from Defendant Feliciano regarding the CDCR 602 he filed against Defendant Actis.

On October 19, 2017, Plaintiff filed a CDCR 22 request for interview with T. Schultz, the other Wasco State Prison Appeals Coordinator. Plaintiff requested that T. Schulz investigate the missing CDCR 602 grievances that Plaintiff filed with Defendant Feliciano, the evidence Defendant Baker took, and the 602 Plaintiff filed regarding Defendant Wade.

On October 28, 2017, Plaintiff filed another 602 and sent it to Defendant Feliciano regarding the failure of appeals staff to process three 602s. Defendant Feliciano did not respond.

On November 7, 2017, Plaintiff filed a CDCR 22 placing Defendant Philips on notice, stating that Defendant Philips was responsible for his treatment and that the appeals coordinator had not processed three of his appeals. The appeal that Plaintiff filed regarding the failure to process three appeals was rejected by A. Gayda. On the same date, Plaintiff filed a CDCR 22 request form to A. Gayda regarding the printout of four appeals that had been adjudicated. Plaintiff stated that the 602s he filed were regarding Ad-Seg staff taking evidence. He also was a primary appellant on a group appeal regarding legal supplies, which he rewrote. Additionally, he appealed the RVR. Plaintiff reported that all three appeals were filed on time and were meritorious. He also indicated that he had the right to participate in a group appeal when he is not the primary of the CDCR 602.

On November 19, 2017, Plaintiff submitted another CDCR 22 form to Defendant Actis stating that he was not yet endorsed to a mainline institution. Plaintiff asked what, if anything, was holding him the reception center. Plaintiff claimed that he had never been in a reception center for 115 days. As a result, Plaintiff contends that he was not in a treatment setting and

5

should have been transferred weeks before.  Plaintiff asked Defendant Actis to respond to the request, but received no response.

On November 21, 2017, Plaintiff filed a CDCR 22 request with T. Schultz.  Plaintiff asked why T. Schultz was allowing A. Gayda to reject all appeals based on inmates not filing CDCR 22 forms.

On November 28, 2017, Plaintiff submitted yet another CDCR 22 form information an unidentified defendant that this was the second CDCR 22 he had submitted, but the appeals coordinators would not process the appeal against Defendant Actis.  On the same date, plaintiff filed a CDCR 22 form placing Defendant Feliciano on notice of a civil action.

On November 30, 2017, Plaintiff filed a CDCR 22 form to A. Gayda, asking why his appeals were being screened out/rejected because inmates must first file a CDCR 22, when Defendants Actis, Feliciano, Keyfauver and the Chaplain and T. Schulz will not respond to the forms.  Plaintiff questioned whether A. Gayda had been told not to process his last two grievances because he has legal skills and helps other prisoners with legal matters.

On December 1, 2017, Plaintiff filed a CDCR 602 grievance and staff complaint against Defendant Feliciano, T. Schultz and A. Gayda regarding his treatment.  In the CDCR 602, Plaintiff requested an investigation into what happened to his CDCR grievances.  Plaintiff alleges that as a result of Defendants actions, he sustained injury and was treated for pain on December 1, 2017.  Plaintiff also sustained additional injury after being in the reception center for 90 days without mental health treatment.  Plaintiff alleges that Defendants were deliberately indifferent when they failed to respond to Plaintiffs' request to be transferred to a mainline treatment setting.  Plaintiff asserts that CDCR's program guide states that reception center CCMS to mainline CCMS take place within 90 days of referral.  Plaintiff also alleges that defendants conspired to violate their policies by failing to respond to CDCR 602 and 22 forms.

Relief

Plaintiff seeks compensatory damages, along with declaratory and injunctive relief.

///

///

6

**C.    Discussion**

Plaintiff's complaint fails to comply with Federal Rules of Civil Procedure 18 and 20 and fails to state a cognizable claim upon which relief may be granted.

**1.    Federal Rules of Civil Procedure 18 and 20**

Plaintiff is attempting to assert claims against different defendants based on different events. However, Plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact. Fed. R. Civ. P. 20(a)(2); Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997); Desert Empire Bank v. Ins. Co. of N. Am., 623 F.2d 1371, 1375 (9th Cir. 1980). Only if the defendants are properly joined under Rule 20(a) will the Court review the other claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party.

Plaintiff may not pursue unrelated claims against multiple defendants for unrelated events. For instance, Plaintiff may not pursue claims relating to the alleged deprivation of his property by Defendant Baker, while simultaneously pursuing claims against other defendants regarding the asserted failure of appeals staff to process his grievances.

**2.    Official Capacity**

Plaintiff is attempting to bring suit for monetary damages against defendants in their individual and official capacities. "The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials in their official capacities." Aholelei v. Dep't. of Pub. Safety, 488 F.3d 1144, 1147 (9th Cir. 2007) (citations omitted). However, the Eleventh Amendment does not bar suits seeking damages against state officials in their personal capacities, Hafer v. Melo, 502 U.S. 21, 30 (1991); Porter v. Jones, 319 F.3d 483, 491 (9th Cir. 2003), or suits for injunctive relief brought against state officials in their official capacities, Austin v. State Indus. Ins. Sys., 939 F.2d 676, 680 n.2 (9th Cir. 1991).

///

Thus, Plaintiff may only proceed against the defendants in their individual capacities for monetary damages and in their official capacities for injunctive relief. However, as discussed more fully below, any request for injunctive relief is now moot.

### 3. Fourteenth Amendment – Equal Protection

Plaintiff asserts that his Fourteenth Amendment rights under the Equal Protection Clause were violated. The nature of this claim is unclear.

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985); Hartmann v. California Dep't of Corr. & Rehab., 707 F.3d 1114, 1123 (9th Cir. 2013); Furnace v. Sullivan, 705 F.3d 1021, 1030 (9th Cir. 2013); Shakur v. Schriro, 514 F.3d 878, 891 (9th Cir. 2008). To state a claim, Plaintiff must show that Defendants intentionally discriminated against him based on his membership in a protected class. Hartmann, 707 F.3d at 1123; Furnace, 705 F.3d at 1030; Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003).

Plaintiff generally alleges that he is a member of a suspect class and that he has been discriminated against. However, Plaintiff's conclusory assertions that his Equal Protection rights were violated is not sufficient to state a cognizable claim. Plaintiff must adequately demonstrate that he is a member of a protected class and that defendants intentionally discriminated against him based on his membership in that class.

### 4. Fourteenth Amendment – Deprivation of Property

Prisoners have a protected interest in their personal property. Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974). An authorized, intentional deprivation of property is actionable under the Due Process Clause; see Hudson v. Palmer, 468 U.S. 517, 532, n. 13 (1984) (citing Logan v. Zimmerman Brush Co., 455 U.S. 422, 435–36 (1982)); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985), however, "[a]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available," Hudson, 468 U.S. at 533.

///

Plaintiff alleges that Defendant Baker wrongly took his property and evidence and then failed to return it in violation of his rights. Due Process is therefore satisfied if there is a meaningful post-deprivation remedy available to him. Hudson, 468 U.S. at 533. Plaintiff has an adequate post-deprivation remedy available under California law. Barnett v. Centoni, 31 F.3d 813, 816–17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810–895). Accordingly, Plaintiff has failed to state a cognizable claim for the alleged deprivation of his personal property against Defendant Baker.

### 5. Fourteenth Amendment – Processing of Grievances

The bulk of Plaintiff's complaint is directed at the failure of various defendants to process and respond to his appeals and related inquiries. Plaintiff cannot pursue any claims against prison staff based solely on the processing and review of inmate appeals in this action. The existence of an inmate appeals process does not create a protected liberty interest upon which Plaintiff may base a claim that he was denied a particular result or that the appeals process was deficient. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (Prisoners do not have a "separate constitutional entitlement to a specific prison grievance procedure.") (citation omitted), cert. denied, 541 U.S. 1063 (2004); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). Therefore, Plaintiff has not stated a cognizable claim against Defendants Feliciano, Actis, Keyfauver, and Philips arising out the processing or rejection of his 602 appeals.

### 6. Eighth Amendment – Denial of Mental Health Treatment

Although not entirely clear, it appears that Plaintiff is complaining about the denial of mental health treatment while housed at Wasco State Prison Reception Center. A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment in violation of the Eighth Amendment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). Deliberate indifference may be shown by the denial, delay or intentional interference with medical treatment or by the way in which medical care is provided. Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988). The two-part test for deliberate indifference requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that failure

to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096.

A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994). "Deliberate indifference is a high legal standard," Simmons v. Navajo Cty., Ariz., 609 F.3d 1011, 1019 (9th Cir. 2010); Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm. Jett, 439 F.3d at 1096. In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105–106).

Plaintiff's complaint fails to state a cognizable claim based on the denial of mental health treatment. Plaintiff fails to adequately allege that any defendant knew that Plaintiff required mental health treatment and failed to respond to that need. Plaintiff also fails to adequately allege that he suffered any harm from the temporary delay in the receipt of treatment.

### 7. Disciplinary Proceedings

Plaintiff alleges that he received a RVR for showering, which was not a violation of the reception center's policy. Although not entirely clear, Plaintiff's complaint suggests that he was falsely accused of a violation. However, Inmates do not have any due process right to be free from false disciplinary charges. See Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986) (inmates have "no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest," provided that they are "not...deprived of a protected liberty interest without due process of law."); Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989) ("Sprouse's claims based on the falsity of the charges and the impropriety of Babcock's involvement in the grievance procedure, standing alone, do not state constitutional claims."). Accordingly, Plaintiff's claim that any defendant wrote a false

disciplinary charge fails to state a cognizable claim.

### 8. Declaratory Relief

Plaintiff seeks a declaration that his rights were violated. "A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." Eccles v. Peoples Bank of Lakewood Village, 333 U.S. 426, 431 (1948). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." United States v. Washington, 759 F.2d 1353, 1357 (9th Cir. 1985).

If this action reaches trial and the jury returns a verdict in favor of Plaintiff, then that verdict will be a finding that Plaintiff's constitutional rights were violated. Accordingly, a declaration that any defendant violated Plaintiff's rights is unnecessary.

### 9. Injunctive Relief

To the extent Plaintiff seeks injunctive relief against defendants, any such request is now moot. Plaintiff is no longer housed at the Wasco State Prison Reception Center, where he alleges the incident at issue occurred, and where the prison officials are employed. Therefore, any injunctive relief against these defendants is moot. See Andrews v. Cervantes, 493 F.3d 1047, 1053 n.5 (9th Cir. 2007) (prisoner's claims for injunctive relief generally become moot upon transfer) (citing Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991) (per curiam) (holding claims for injunctive relief "relating to [a prison's] policies are moot" when the prisoner has been moved and "he has demonstrated no reasonable expectation of returning to [the prison]")).

### 10. State Law Claims

Based on language in his request for relief, Plaintiff appears to be asserting a state law claim for intentional infliction of emotional distress. Under 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the "district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution," except as provided in subsections (b) and (c). The Supreme

Court has stated that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." <u>United Mine Workers of Am. v. Gibbs</u>, 383 U.S. 715, 726 (1966). Although the Court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law. 28 U.S.C. § 1367. As Plaintiff has not stated a cognizable claim for relief under federal law, the Court will not screen Plaintiff's state law claims.

In addition, Plaintiff has failed to allege compliance with the Government Torts Claims Act ("Act"). The Act requires that a party seeking to recover money damages from a public entity or its employees submit a claim to the entity before filing suit in court, generally no later than six months after the cause of action accrues. Cal. Gov't Code §§ 905, 911.2, 945, 950.2 (emphasis added). When a plaintiff asserts a claim subject to the Act, he must affirmatively allege compliance with the claim presentation procedure, or circumstances excusing such compliance, in his complaint. <u>Shirk v. Vista Unified Sch. Dist.</u>, 42 Cal. 4th 201, 209 (2007). Plaintiff has not done so here.

### III. Failure to Prosecute and Failure to Obey a Court Order

#### A. Legal Standard

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." <u>Thompson v. Hous. Auth.</u>, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. <u>See, e.g.</u>, <u>Ghazali v. Moran</u>, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); <u>Malone v. U.S. Postal Serv.</u>, 833 F.2d 128, 130–33 (9th Cir. 1987) (dismissal for failure to comply with court order).

///

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988).

**B.     Discussion**

Here, Plaintiff's first amended complaint is overdue, and he has failed to comply with the Court's order. The Court cannot effectively manage its docket if Plaintiff ceases litigating his case. Thus, the Court finds that both the first and second factors weigh in favor of dismissal.

The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air W., 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. Pagtalunan v. Galaza, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. Ferdik, 963 F.2d at 1262; Malone, 833 at 132–33; Henderson, 779 F.2d at 1424. The Court's August 14, 2018 screening order expressly warned Plaintiff that his failure to file an amended complaint would result in a recommendation of dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim. (ECF No. 14, p. 12.) Thus, Plaintiff had adequate warning that dismissal could result from his noncompliance.

Additionally, at this stage in the proceedings there is little available to the Court that would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Plaintiff is proceeding *in forma pauperis* in this action, making monetary sanctions of little use, and the preclusion of evidence or witnesses is

13

likely to have no effect given that Plaintiff has ceased litigating his case.

**IV.     Conclusion and Recommendation**

Accordingly, the Court finds that dismissal is the appropriate sanction and HEREBY RECOMMENDS that this action be dismissed, with prejudice, for failure to state a claim pursuant to 28 U.S.C. § 1915A, for failure to obey a Court order, and for Plaintiff's failure to prosecute this action.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **October 4, 2018**                    /s/ *Barbara A. McAuliffe*            
                                                                    UNITED STATES MAGISTRATE JUDGE

14